EX PARTE IGNACIO SEPULVEDA.

No. 11512.  Delivered January 18, 1928.

**1.—Operating Motor Vehicle as Common Carrier—Constitutionality of Statute.**

Appellant was charged by complaint and information in Webb County with the violation of one of the provisions of Chapter 270 of the general laws of Texas, enacted by the Fortieth Legislature. He sought release before the District Court of Webb County on a writ of habeas corpus, contending that Sec. 5 of the act of the Legislature he was charged with violating is unconstitutional. From the decision of the matter by the District Court of Webb County he prosecutes this appeal.

**2.—Same—Continued.**

The act under consideration contains twenty-two sections, that section under which appellant was being prosecuted being Sec. 5 thereof, providing in effect that no motor-bus company, etc., shall hereafter operate for the purpose of transporting persons as passengers for compensation or hire over the public highways of this state, without first having obtained from

the Railroad Commission under the provisions of this act a certificate or permit declaring that the public convenience and necessity require such operation.

### 3.—Same—Continued.

The highways constructed and maintained at public expense are designed for ordinary purposes, and no one has a vested or inherent right to make a special or pecuniary use of them. See Tiedeman on Mun. Corp.; Berry on the Laws of Automobiles, 5th Ed., p. 1211, and other authorities cited in this opinion.

### 4.—Same—Continued.

Affecting this appeal, nothing is perceived in the regulations defined and prescribed by the act which offend against the organic law. See Corpus Juris, Vol. 42, p. 710, Sec. 160; Ex Parte Parr, 82 Tex. Crim. Rep. 525, and cases therein cited; also Sprout v. City of South Bend, 49 Amer. Law Rep. 1198, and notes on p. 1200.

### 5.—Same—Continued.

The provision in Sec. 5 touching the issuance of temporary certificates to those conducting the business of common carriers on the public road before the law was passed, is not deemed unjust discrimination, but rather an application of the well-known principle of proper and reasonable classification. See Ruling Case Law, Vol. 6, p. 373, Sec. 260.

### 6.—Same—Continued.

The case of the City of Denison v. Municipal Gas Co., reported in 257 S. W. 616, wherein it was held that the Legislature could confer the power to regulate and control gas companies on the Railroad Commission of this state, is analogous to the question now being considered, and this court will not now be justified in holding that Sec. 5 of Chap. 270, laws of the Fortieth Legislature, are invalid. The Denison case, supra, is now pending before the Supreme Court on a writ of error.

### 7.—Same—Habeas Corpus—Not Proper Remedy.

Appellant being charged by complaint and information with a violation of Sec. 5 of Chapter 270, Acts of Fortieth Legislature, in the County Court of Webb County, will be left to assert his rights in a trial for the offense of which he is charged, and his appeal, if the judgment is adverse.

Appeal from the District Court of Webb County. Tried below before the Hon. J. F. Mullally, Judge.

Appeal from an order of the District Court of Webb County remanding relator on a habeas corpus hearing, charged with a violation of Sec. 5 of Chap. 270 of the Acts of the Fortieth Legislature. Affirmed.

The opinion states the case.

*George Mendell, Jr., George C. Price,* counsel for Southern Travelers' Association, and as Amicus Curiæ, and *O. O. Touchstone* of Dallas, as Amicus Curiæ.

*Claud Pollard,* Attorney General, and *A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appellant, in the District Court of Webb County, sought release from custody by way of a writ of habeas corpus. He is held under a complaint and information charging the violation of one of the provisions of Chapter 270 of the General Laws of Texas, enacted by the Fortieth Legislature. He was engaged in operating a motor vehicle as a common carrier upon one of the highways of the state. He had not obtained from the Railroad Commission of the state a certificate of public convenience and necessity, nor had he made application therefor. He insists that he was under no obligation to do so, claiming that the statute mentioned was void and attacks it in many particulars.

The act under consideration contains twenty-two sections. In Section 1, a motor bus company is declared, in substance, to include all persons operating motor vehicles upon the public roads for hire. In several sections of the act the Railroad Commission of the state is vested with the power and charged with the duty of supervising the motor bus transportation over the public highways, to grant certificates of public convenience and necessity to applicants, to conduct hearings touching the merits of the applications, etc. The requisites of the certificate are prescribed, as well as the conditions upon which it may be issued, one of these being the requirement that the applicant procure liability insurance. In Sec. 17 there is a provision that if any interested person be dissatisfied with any regulation adopted by the commission, he may appeal to the District Court of Travis County for relief. Sec. 5 in part reads as follows:

"No motor-bus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this state without first having obtained from the commission under the provisions of this act a certificate or permit declaring that the public convenience and necessity require such operation."

Other parts of the section provide for the issuance of temporary certificates to those operators who have been engaged in the business upon a particular highway since January 11, 1927, for protesting the revocation of the certificate; and providing that all certificates shall be taken and held subject to the right of the state, to at any time, limit, restrict and prohibit the use of the streets to any owner of such right, permit or certificate.

The highways, constructed and maintained at public expense, are designed for ordinary purposes and no one has a vested or inherent right to make a special or pecuniary use of them.

See Tiedeman on Mun. Corp., Sec. 299; McQuillan on Mun. Corp. 1620; Davis v. Mass., 167 U. S. 43; Ex Parte Parr, 82 Tex. Crim. Rep. 526; also Berry on the Law of Automobiles, 5th Ed., p. 1211, Sec. 1702. The authority of the State of Texas, by proper legislative act, to forbid the use of its highways to common carriers, is not open to question; nor is there doubt that it may place conditions on the privilege of their use for the purposes mentioned such as will, in the judgment of the Legislature, protect the public in the enjoyment of the use of the highways for the purposes for which they are established and maintained. This may be done by means of a license or certificate issued by a commission authorized under a valid law, observing proper restrictions and limitations. Ex Parte Humphrey, 244 S. W. 822; Ex Parte Leslie, 223 S. W. 227; Corpus Juris, Vol. 42, p. 641, Sec. 53, also p. 609, Sec. 1, p. 643, Sec. 56, p. 686, Sec. 120; Amer. Law Rep., Vol. 49, p. 1198; also Vol. 47, p. 218; Burgess et al. v. American Rio Grande Land & Irrigation Co., 295 S. W. 649.

The power which the act attempts to vest in the Railroad Commission to make and enforce rules is not a matter of concern in this proceeding. It is not shown that the commission has made any rules, and it affirmatively appears that the appellant has made no request of the commission for the grant of a certificate. He is not deemed in a position to invoke a judicial decision of the validity of the parts of the statute by which, in the present appeal, he is in no wise affected. He has asserted no right and has been denied none. See Lehon v. Atlanta, 242 U. S. 253, 61 L. Ed 145; Gundling v. Chicago, 177 U. S. 183, 44 L. Ed. 725; Ex Parte Humphrey, 244 S. W. 822.

Courts in this and all American jurisdictions refrain from unnecessarily deciding constitutional questions. See Ruling Case Law, Vol. 6, p. 76, Sec. 74.

Affecting this appeal, nothing is perceived in the regulations defined and prescribed by the act which offend against the organic law. Corpus Juris, Vol. 42, p. 710, Sec. 160. Some of them, as for example, the requirement that indemnity insurance be obtained, have been expressly sanctioned by the decisions of this state. See Ex Parte Parr, 82 Tex. Crim. Rep. 525, and cases therein cited; also Sprout v. City of South Bend, 49 Amer. Law Rep., p. 1198, and notes on p. 1200.

The provision in Section 5 touching the issuance of temporary certificates to those conducting the business of common carriers on the public road before the law was passed is not deemed unjust discrimination, but rather an application of the well-

known principle of proper and reasonable classification.    See Ruling Case Law, Vol. 6, p. 373, Sec. 369.

The only phase of the application which is regarded as demanding discussion is that which challenges the power of the Legislature to impose duties or confer powers on the Railroad Commission other than those contemplated in Sec. 2, Art. 10, of the Constitution.    In 1890, Sec. 2, Art. 10, of the Constitution was amended, and by the amendment railroads were declared public highways and railroad companies, common carriers; and the Legislature was directed to pass laws to regulate the traffic and prevent unjust discrimination and to enforce them by adequate penalties.    The article reads as follows:

"Railroads heretofore constructed or which may hereafter be constructed in this state are hereby declared public highways, and railroad companies, common carriers.    The Legislature shall pass laws to regulate railroad, freight and passenger tariffs, to correct abuses and prevent unjust discrimination and extortion in the rates of freight and passenger tariffs on the different railroads in this state, and enforce the same by adequate penalties; *and to the further accomplishment of these objects and purposes, may provide and establish all requisite means and agencies invested with such powers as may be deemed adequate and advisable.*"

In 1894, by Sec. 30, Art. 16, of the Constitution, the term of office of the Railroad Commissioners was fixed at six years. In the meantime, the Railroad Commission had been established by an act of the Legislature, and its powers defined, which are now found in Chap. 11, Title 112, Revised Civil Statues, 1925, of which Art. 6445 contains the following language:

"Power and authority are hereby conferred upon the Railroad Commission of Texas over all railroads, and suburban, belt and terminal railroads, and over all public wharves, docks, piers, elevators, warehouses, sheds, tracks and other property used in connection therewith in this state, and over all persons, associations and corporations, private or municipal, owning or operating such railroad, wharf, dock, pier, elevator, warehouse, shed, track or other property to fix, and it is hereby made the duty of the said Commission to adopt all necessary rates, charges and regulations, to govern and regulate such railroads, persons, associations and corporations, and to correct abuses and prevent unjust discrimination in the rates, charges and tolls of such railroads, persons, associations and corporations, and to fix division of rates, charges and regulations between railroads and other utilities and common carriers where a division

is proper and correct, and to prevent any and all other abuses in the conduct of their business and to do and perform such other duties and details in connection therewith as may be provided by law."

By Chapter 155, Acts of the Thirty-sixth Legislature, laws were passed looking to the conservation of oil and gas, and regulations were prescribed. The Railroad Commission was vested with the authority to make and enforce rules and regulations with respect to the conservation of such resources.

In a suit entitled The City of Denison v. Municipal Gas Company, reported in 257 S. W. 616, the validity of that law is attacked on two grounds, namely:

"(1) That the law is unconstitutional because the Railroad Commission is a constitutional body as distinguished from one created by statute, and hence the Legislalture has no power to impose upon it duties foreign to it or that interfere with those given by the Constitution."

"(2) And the constitutionality of the law is assailed for the additional reason that it undertakes to deprive courts created by the Constitution of the duties the Constitution empowers them to perform and to confer those duties upon a non-judicial body."

The second ground of attack in the case just mentioned on the oil and gas law is not pertinent to this appeal for the reason that the delegated powers and the subject affected are different from those in the instant case. That law controls the use of private property by its owners, while this one deals with the special use of public property for private gain. The constitutionality of the oil and gas law was upheld by the Court of Civil Appeals at Dallas, in an opinion rendered in December, 1924. "Because of the importance of the question," the Supreme Court granted a writ of error, and the case is now pending in said court. The bearing of the decision of the Court of Civil Appeals on the points here involved relates only to the first ground of attack stated above. Discussing Sec. 2, Art. 10, of the Constitution, the Court of Civil Appeals, through Judge Hamilton, said:

"A reading of the excerpt from the Constitution first above copied does not reveal the creation of a Railroad Commission thereby nor the specific purpose that such Commission shall be created. No careful analytical consideration of it can impart that effect. The mandate is laid upon the Legislature in this provision to regulate tariffs, correct abuses, and prevent discriminations and extortion. The explicit permission to estab-

lish means and agencies with such powers as the legislative discretion may dictate to accomplish the required objects is embodied in the last clause of the section." ·

On the motion for rehearing, that court, through Judge Looney, referring to the contention that the Legislature was without authority to impose or confer upon the Railroad Commission any duties or powers other than those expressly named in the article of the Constitution mentioned, said:

"To this proposition we cannot assent, even though it should be determined, which we do not, that the Railroad Commission is a constitutional office, as contended by appellant. To assent to the doctrine insisted upon by appellant, we would have to find in the Constitution, either an expressed or an implied limitation prohibiting the Legislature from conferring other or unrelated duties on a constitutional officer. No express limitation can be found in the Constitution; hence, if the Legislature was prohibited from placing under the jurisdiction of the Railroad Commission the 'Cox Law' relating to gas utilities, * * * it must be by reason of some implied restraint. * * * In order for an implication to arise, restraining the Legislature from conferring new duties on a constitutional officer, unrelated to the customary duties of the office, it must clearly appear that the prohibition is necessary to safeguard and to not frustrate or disappoint the purpose of the people expressed in the constitutional provisions under consideration.

"It does not appear to us, and in our opinion it cannot be made to appear, that the accomplishment of the purposes of the people expressed in the provisions of Sec. 2, Art. 10, of the Constitution, through the means and agency of the Railroad Commission, will be either frustrated, hindered, disappointed, or defeated by adding to the jurisdiction of the Railroad Commission the new duties conferred by the Cox Law; and, in our view, there exists no occasion to imply a prohibition against the power of the Legislature to enact this law."

The appellant's position herein implies that he deems himself privileged to use the public highways in the conduct of his vocation of a common carrier in defiance of the will of the state, as expressed in the legislative act in question. This position can be upheld upon no condition save that the statute is void. Appellant is charged in the manner prescribed by law with a misdemeanor, upon which he will be accorded a speedy trial in the county court of the county of his domicile. Upon such trial he would be privileged to introduce proof of any relevant fact or to interpose· any objection to the law

deemed by him such as to warrant his acquittal. If convicted, the right of appeal exists, and this court, upon such appeal, would be obliged to determine from the record presented whether his conviction was legal in fact or in law. He is not in custody but pending his appeal is at large on bail. If upon a trial he was convicted, he would likewise be entitled to bail pending final decision. His liberty is not, therefore, seriously involved, nor is any vested right denied or impaired. This procedure is an effort upon his part to invoke a decision by this court upon the question of the validity of the statute upon which the prosecution rests. The law is presumed valid. To warrant his discharge, the burden rests upon the relator to establish its invalidity. If there is doubt upon the subject, it is the duty of the court to resolve the doubt in favor of the validity of the law. See Ruling Case Law, Vol. 6, p. 97, Sec. 98. The opinion is expressed that Sec. 2 of Art. 10 of the Constitution neither adds to nor takes from the Legislature the power to control the use of motor vehicles on the public roads. So far as the matter of the power of the Legislature to impose upon the Railroad Commission duties and confer powers other than those contemplated at the time of the amendment of Sec. 2, Art. 10, of the Constitution has been considered by the courts of the state, it has been upheld. In passing upon the present appeal, this court will not be justified in holding that in conferring the power embraced in Sec. 5 of Chapter 270, supra, the law is void. Therefore, the discharge of the appellant will be refused, and he left to assert his rights in a trial for the offense of which he is charged, and an appeal if the judgment is adverse.

The judgment is affirmed.                    *Affirmed.*