### STERLING et al. v. WILLIFORD et al.
#### No. 1372.

Court of Civil Appeals of Texas. Waco.

Oct. 27, 1932.

C. S. Bradley, of Groesbeck, and T. S. Christopher, of Austin, for appellants.

Williford & Williford, of Fairfield, for appellees.

PER CURIAM.

This is an appeal from an order entered by the judge of the Seventy-Seventh judicial dis-

260

trict court of Freestone county. C. N. Williford and others presented their petition to said judge, in chambers, complaining of Governor Ross S. Sterling, James V. Allred, Attorney General, L. G. Phares, chief of the highway patrol, the members of the highway commission, and J. R. Session, sheriff of Freestone county, in which plaintiffs allege that they are each engaged in farming and raising cotton for sale and in buying cotton at Fairfield and other points and transporting and shipping same by trucks owned by them from Fairfield to Houston, Tex.; that Fairfield is not served by any railroad nor common carrier; that the nearest railway station is at Teague, but that the highway from Fairfield to Teague is undergoing repair and is closed to traffic and cannot be used, and that it will not be in condition to be so used for a period of at least ninety days, which will include the entire cotton shipping season of the year 1932. The plaintiffs alleged that Houston is the nearest deep water port from Fairfield where cotton can be marketed and exported; that plaintiffs are the owners of certain trucks, and have been engaged in the business of transporting cotton by trucks from Fairfield to Houston for a number of years, and that they will suffer irreparable injury unless they are permitted to so move their cotton to market; that the plaintiffs haul more than 7,000 pounds of cotton at a load, and that such trucks cannot be operated economically in the transportation of cotton by hauling smaller loads; that the defendants, under and by virtue of the provisions of the Acts Forty-Second Legislature, Regular Session, c. 282, p. 507 (Vernon's Ann. P. C. art. 827a, § 1 et seq.), are interfering with the plaintiffs, and will not permit them to haul more than 7,000 pounds at a load over the public roads of the state, and that the plaintiffs will suffer irreparable injury unless they are allowed to so use their trucks. The plaintiffs allege that section 5 of said act (Vernon's Ann. P. C. art. 827a, § 5), which prohibits the operation of a truck on the public highways of this state with a load of more than 7,000 pounds, is unconstitutional because it violates article 1, § 19, of the Bill of Rights of the Constitution of the state of Texas and article 14, § 1, of the Amendments to the Constitution of the United States. They prayed that the defendants be enjoined from interfering with the plaintiffs, their agents and servants in the operation of their trucks in transporting cotton from Fairfield and other points to Houston in loads in excess of 7,000 pounds.

The trial court, in chambers, without notice or a hearing, granted the injunction as prayed. The defendants appealed.

We do not deem it necessary to discuss at length the question of whether section 5 of the act in question is constitutional. This section was held to be valid by the Supreme Court of the United States in the case of Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167, and likewise by our own Supreme Court in the cases of Ex Parte W. W. Sterling, 53 S.W.(2d) 294, and Ex Parte L. G. Phares, 53 S.W.(2d) 297.

The appellees seek to avoid the effect of the act in question by showing that they come within the exemption provided in section 5(b) thereof (Vernon's Ann. P. C. art. 827a, § 5(b), which provides that the limitation of 7,000 pounds per load as provided for in section 5 of the act shall not apply to motor vehicles when such vehicles are used only to transport property from point of origin to the nearest practicable common carrier receiving or loading point. Their contention is that, while Teague is ordinarily the nearest practicable common carrier receiving or loading point to Fairfield, since the road from Fairfield to Teague is closed to traffic, the appellees must of necessity haul their cotton to Houston, and in so doing they should not be limited to a 7,000-pound load. Section 5(b) of the act extends the exemption only "to vehicles when used only to transport property from point of origin to the nearest practicable common carrier receiving or loading point or from a common carrier unloading point by way of the shortest practicable route to destination, provided said vehicle does not pass a delivery or receiving point of a common carrier equipped to transport such load, or when used to transport property from the point of origin to point of destination thereof when the destination of such property is less distant from the point of origin thereof than the nearest practicable common carrier receiving or loading point equipped to transport such load. * * *" The appellees allege that Houston is "the nearest deep water port to Fairfield where cotton may be marketed and exported," but they do not allege that Houston is the nearest practicable common carrier receiving or loading point nor that such trucks in going from Fairfield to Houston do not pass a receiving point of a common carrier equipped to transport such load, nor that the distance from Fairfield to Houston is less than the distance from Fairfield to the nearest practicable common carrier receiving or loading point equipped to transport such load. The petitioners therefore did not bring themselves within the exemption provided for in section 5(b) of the act.

Since the appellees did not allege in their petition any valid ground entitling them to the injunction, the judgment of the trial court is reversed and the injunction dissolved.