**PHARES et al. v. EMERSON.**

**No. 1344.**

Court of Civil Appeals of Texas. Waco.

Oct. 27, 1932.

Mr. & Mrs. C. S. Bradley and J. E. & B. L. Bradley, all of Groesbeck, and Elbert Hooper and T. S. Christopher, both of Austin, for appellants.

M. E. Gates, of Huntsville, for appellees.

PER CURIAM.

This is an appeal from an order entered by the judge of the Seventy-Seventh judicial district court granting a temporary writ of injunction. On July 26, 1932, B. C. Emerson and G. C. Emerson presented to said judge, in chambers, their petition complaining of L. G. Phares as the chief of the highway patrol, all highway patrolmen, all licensed inspectors and public weighers, all sheriffs and constables of the state of Texas, many of whom are named, and many others, in which petition it was alleged that the plaintiffs were the owners of certain trucks and trailers used in connection therewith and were licensed to and were engaged in the business of hauling freight for hire over the public roads of this state and desired to continue in such business; that the defendants had prevented and would continue to prevent these plaintiffs from hauling loads of more than 7,000 pounds over the roads of this state, unless an injunction was granted. They presented two specific grounds for the granting of the writs, to wit, first, that section 5 of House Bill 336, chapter 282, page 507, Acts Regular Session 42d Legislature (Vernon's Ann. P. C. art. 827a, § 5) which makes it a violation of the law for any motortruck or trailer to transport loads over the roads of this state in excess of 7,000 pounds, is unconstitutional and void because said act is discriminatory, in that it applies to motortrucks only, and further because such trucks cannot be operated at a profit by hauling loads of less than 7,000 pounds, and plaintiffs' vested right to so use their trucks will be destroyed if such law is enforced; and, second, because the district judge in Upton county had theretofore granted a temporary writ of injunction in favor of certain other truck owners against the same defendants restraining said defendants from enforcing said law as against the plaintiffs named in the Upton county suit, and said plaintiffs therein, as the result of the granting of said writ, are being allowed to haul truck loads of more than 7,000 pounds on the public roads of this state, and are thereby given an exclusive privilege not enjoyed by these plaintiffs, and that this constitutes an unjust discrimination against these plaintiffs who are engaged in the same line of business.

The trial judge, in chambers and without notice or a hearing, granted the writs of injunction as prayed. It was ordered that said writs should remain in force so long as the injunction granted in the Upton county case should be in force. The reason given by the trial judge for granting the writs, as stated in his fiat, was that, so long as the writs of injunction remained in force in the Upton county case, the plaintiffs in that suit would enjoy an unjust and unequal privilege, and it would be an inequitable discrimination against the plaintiffs herein unless they were granted a like writ. The defendants duly appealed from the order granting the temporary writ.

We do not deem it necessary to discuss at length the question of whether section 5 of the act in question is constitutional. This section was held to be valid by the Supreme Court of the United States in the case of Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167, and likewise by our own Supreme Court in the cases of Ex parte W. W. Sterling, 53 S.W.(2d) 294, and Ex parte L. G. Phares, 53 S.W.(2d) 297.

The fact that the district judge in Upton county had previously granted a like writ to other truck owners against the same de-

262

fendants and that such plaintiffs in the Upton county case thereby obtained a privilege not enjoyed by plaintiffs herein, was not a sufficient reason for granting the injunction in this case. If the plaintiffs in the Upton county case showed good cause for the issuance of an injunction, they were entitled to the writ; but this would not entitle others, though engaged in the same line of business, to a like writ, unless they alleged good grounds therefor independent of the allegations that their competitors had been granted a similar writ. Each plaintiff, in presenting his petition to the court, must allege his own grounds for recovery, and cannot rely on the mere allegations that others engaged in the same line of business have either legally or illegally obtained such relief. To hold that the granting of the writ of injunction in the Upton county case had the effect to confer upon all other truck owners a right to a similar writ would be giving to the Upton county judgment a greater effect than was intended thereby. This same proposition was presented to the Supreme Court as ground for sustaining the injunction in the case of Ex parte W. W. Sterling, 53 S.W.(2d) 294, but was there overruled. Moreover, since the granting of the writ in this case, the Supreme Court has held that the writ of injunction in the Upton county case was improperly granted. Ex parte L. G. Phares (Tex. Sup.) 53 S.W.(2d) 297.

In order for a court of equity to restrain the enforcement of a criminal law, two facts must appear, viz., first, that the law is unconstitutional and void; and, second, that its enforcement constitutes a direct invasion of a vested property right of the complainant. The appellees have no vested right to use the public roads to haul freight for hire, and the statute, the enforcement of which they seek to enjoin, is not unconstitutional. Box v. Newsom (Tex. Civ. App.) 43 S.W.(2d) 981, and cases there cited; Ex parte W. W. Sterling (Tex. Sup.) 53 S.W.(2d) 294.

Since the appellees did not allege in their petition any valid ground entitling them to the injunction, the judgment of the trial court is reversed and the injunction dissolved.