**RAYBURN et al. v. RICHARDSON et al.**

No. 12881.

Court of Civil Appeals of Texas. Dallas.

July 29, 1939.

Rehearing Denied Oct. 14, 1939.

Carter & Garonzik, of Dallas, for appellants.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and George W. Barcus, Asst. Attys. Gen., for appellees.

BOND, Chief Justice.

This is an appeal from an order of a district court of Dallas County, refusing appellants' application for an injunction against the Railroad Commission of Texas and Texas Highway Patrolmen, restraining them from enforcing the provisions of what

is commonly known as "Motor Carrier Truck Law of Texas", as provided in Articles 827a and 827aa, Vernon's Annotated Penal Code, relating to gross load vehicles using the highways of this state, and the manner and method of ascertaining the loads and preventing further violation of the said penal statutes.

Appellants attack the constitutionality of the above mentioned statutes, as violative of the due process of law clause of the 14th Amendment to the United States Constitution, U.S.C.A., in that, the statutes afford the enforcing officers the power to deprive owners of trucks, using the highways of the state, of their property, by halting, detaining and weighing the trucks, when such officers have only reason to believe that the gross weight of said truck is unlawful, without evidence of that fact, and leaving discretionary power to such officer to determine the weight and in requiring the driver or operator to unload immediately such portions of the load as may be necessary to decrease the weight to the maximum gross weight specified in the Act.

It is evident that, the statutes in question limit the size of vehicles and the loads which may be hauled over the highways of this state, and prescribe the manner and method of their enforcement, and such statutes having been definitely upheld by the Supreme Court of the United States and of this State, as coming within the purview of State and Federal Constitutions, we deem it unnecessary to discuss the constitutionality of these statutes, and merely cite the controlling authorities on the question: Ed Sproles et al. v. T. Binford, Sheriff, et al., 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; State et al. v. Ferguson, Tex.Sup., 125 S.W.2d 272.

The statutes under consideration being valid, Sec. 28 of Article 1 of our State Constitution, Vernon's Ann.St., which prescribes that, "No power of suspending laws in this State shall be exercised except by the Legislature", denies to the judicial branch of our government any power to suspend, supervise or direct the manner and method of its enforcement. The executive department alone is charged with the duty of enforcing all valid statutes passed by the legislative branch of our government, and, the Legislature having designed the law, the manner and method of its enforcement,

and the means of detecting and securing evidence and preventing further aggression, by halting, detaining, and weighing vehicles believed to be overloaded and causing such portion of the load to be unloaded as may be necessary to comply with the provisions of the Act, pending due order of trial, it is not, in our opinion, such deprivation of property, as is prohibited within the contemplation of the due process of law clause of the Federal Constitution, supra.

The detention, by a duly authorized enforcing officer, of all evidence which he believes points to a violation of a penal law, either committed in his presence, or about to be committed, is a proper function of the executive branch of our government, and the exercise of such right does not violate any substantial right of the party thus accused. The power granted is a proper function for the due and ardent enforcement of the penal law of our state. It can hardly be said that a temporary halt or detention of a loaded truck and the property therein for the purpose of the law, offends, without notice or trial, any rights of the owner. A temporary detention in good faith, for the purpose of ascertaining guilt, or preventing further violation of law in the manner and method prescribed by the Legislature, is not such an adjudication of the issues involved, nor can it be considered as depriving the accused of property without his day in court. The excess load of the truck, transported over the highways of this State in violation of law, furnishes poor standing ground for the owner to ask a court of equity to enjoin the enforcement of a law violated. The aim of the statutes is to prohibit travel and a continuation of travel of an overloaded vehicle using the highways of the State, and to punish the offender; it is not designed to appropriate the property employed in the violation. The detection of an offense, which is declared penal, is the object of the power granted, and one guilty of such offense is amenable to the law.

The Legislature having enacted the valid law, the courts are without power to enjoin enforcement thereof by the duly authorized officers of this State, done in the manner prescribed by the law; therefore, the trial court having recognized its limitations in refusing appellants' injunction, we are of the opinion the judgment should be affirmed; it is so ordered.

Affirmed.