**ANGELO v. BROWN et al.**

**No. 10998.**

Court of Civil Appeals of Texas. Galveston.

March 28, 1940.

Rehearing Denied April 25, 1940.

W. Ray Scruggs, of Houston, for appellant.

Sewall Myer, City Atty., of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of a district court of Harris County refusing an application for a temporary injunction brought by Nick Angelo for the purpose of restraining L. C. Brown, Chief of Police, and E. H. Hammond, Chief of Detectives, of the Houston Police Department, and the City of Houston, from interfering with a cock fight which appellant had promoted, and from arresting him in connection therewith.

Appellant alleged that he was engaged in the business of promoting contests be-

tween fighting cocks and had arranged to stage such a contest in Houston on July 15, 1939; that said officers, acting under a mistaken construction of Article 613 of the Penal Code of 1925, prohibiting cock fights, had prevented him from putting on said contest; that said contest as proposed by him would not constitute a violation of said Article 613; in that the fowls participating therein would be equipped with leather gloves instead of steel gaffs or naked spurs and would be otherwise protected from injury. He alleged that the proposed exhibition would be highly remunerative to him; that he had incurred considerable expense in connection therewith; and that appellees were interfering with a property right valuable to him.

In their answer appellees alleged that the contest proposed by appellant is a violation of said Article 613 of the Penal Code; that it was their duty as peace officers to prevent a violation of the penal laws of this state; and that they should not be restrained from performing this duty.

The material facts are undisputed. They are substantially as pled.

In their last analysis, the effect of appellant's allegations is that he is threatened by appellees with arrest and criminal prosecution for acts which he contends do not in fact constitute a violation of said Article 613 of the Penal Code, in that it was the intention of the legislature in passing said act to prevent bloodshed and cruelty in cock fights and that, since the fowls participating in the contests proposed by him would not be injured thereby, said Article 613 does not apply.

Assuming that appellant is correct in his contention that the contest as proposed by him does not constitute a violation of said Article 613, still there is no basis in this action for the interposition of a court of equity, since the power and authority to interpret a criminal act rests exclusively with the courts of this state exercising criminal jurisdiction. It is now the established rule that a court of equity will not, through the medium of an injunction, determine whether a given act violates the provision of a criminal statute, and that such questions must first be tested in the criminal courts before a court of equity can be called upon to intervene through the medium of an injunction. Barkley, Cr. Dist. Atty. et al. v. Conklin, Tex.Civ.App., 101 S.W.2d 405; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Ex parte Phares, 122 Tex. 104, 53 S.W.2d 297.

Further, it is well established that a court of equity will not enjoin criminal proceedings or attempt to stay the hands of peace officers in enforcing criminal laws, except in cases where the law attempted to be enforced is unconstitutional and void and where its enforcement will result in irreparable injury to vested property rights. Barkley, Cr. Dist. Atty. v. Conklin, supra; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Box v. Newsom, Tex.Civ.App., 43 S.W.2d 981.

In the instant case, appellant does not attack the validity of said Article 613. He does not allege or prove facts which would establish that he had a vested right to promote said contest and there is not sufficient evidence in the record as to expenses incurred by him in connection therewith to establish that appellees had interfered with a property right valuable to him. He is therefore not entitled to the injunction sought.

For the above reasons the judgment of the trial court denying the injunction sought is in all things affirmed.

Affirmed.