## CITY OF BALLINGER v. BOYD.

### No. 9400.

Court of Civil Appeals of Texas. Austin.

June 30, 1943.

Rehearing Denied July 21, 1943.

Paul Petty, of Ballinger, for appellant.

Baker & Baker and R. E. Murphey, both of Coleman, for appellee.

BLAIR, Justice.

This appeal is from an order granting a temporary injunction restraining appellant, the City of Ballinger, Texas, from enforcing its taxicab ordinance against appellee, Homer Boyd.

The ordinance was enacted under the provisions of Art. 1016, R.S.1925, appellant City having a population of less than 5,000. It requires a license and a fee therefor to operate a taxicab on the streets of appellant within the city limits. Appellant City owns a municipal airport (Bruce Field), located about four miles outside of or beyond its limits, and the ordinance prescribes not only the rates which may be charged within the city limits, but also the rates which a city licensed taxicab may charge passengers to and from Ballinger to Bruce Field. The ordinance regulates the use of the streets by taxicabs and the manner of operation of the taxicab business within the city limits, and prescribes a fine of not exceeding $100 for the violation of any of its provisions.

Appellee alleged that prior to and since the enactment of the ordinance he was and is now engaged in the transportation of passengers for hire by automobile from Ballinger to Bruce Field; that the ordinance is void because the City of Ballinger had no jurisdiction or authority over highways beyond its city limits, rendering that portion attempting to fix rates outside the city limits void; that the ordinance is void because it impairs his freedom or right of contract with respect to the rates charged outside of the city limits; and that it is void because unreasonable and impossible to comply with in several particulars, and discriminatory as to appellee.

The trial court granted the temporary injunction restraining appellant City only from fixing or enforcing rates for trans-

portation between Ballinger and Bruce Field, or outside the city limits.

The ordinance is penal in nature, and the action is to enjoin the enforcement of a penal ordinance. Appellee neither alleged nor proved that the enforcement of the ordinance would constitute a direct invasion of any vested property. The trial court therefore erred in granting the temporary injunction under the settled rule stated and quoted by the Commission of Appeal in the recent case of Kemp Hotel Operating Co. v. City of Wichita Falls, 170 S.W.2d 217, 219, as follows:

"As a general rule, courts of equity will not enjoin a criminal proceeding. It is the function of courts of law created for the purpose of trying criminal cases to pass upon the validity of criminal statutes or ordinances. Courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute or ordinance only when same is void and when its enforcement invades a vested property right of the complainant. City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528, 529, 47 Am.St.Rep. 114; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Neiman-Marcus Co. v. City of Houston, Tex.Civ.App., 109 S.W.2d 543 (error refused). From the opinion in the case of Ex parte Sterling, supra, we quote the well established rule governing in actions of this nature:

"'Under the well-established rules of equity jurisprudence, it is clear that the district judge was without authority to issue the writ of injunction to prevent the enforcement of the law regulating the operation of motor-trucks upon the highways of this state unless the petition for such injunction clearly showed the existence of two facts, viz.: First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants. Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 499, 47 L.Ed. 778; In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402; Box v. Newsom, Tex.Civ.App., 43 S.W.2d 981.'"

Appellee has no vested right to use the streets of Ballinger nor the highway between Ballinger and Bruce Field on which to operate his private business of transportation of passengers for hire by automobile. He had no such right either before or after the passage of the ordinance. Appellee's case is clearly controlled by these authorities cited and quoted from. This is true independently of any question of the validity of the ordinance, and we pretermit any discussion of such question.

The order appealed from is set aside and the injunction is dissolved.

Injunction dissolved.