**PAYNE v. MASSEY et al.**

No. 11736.

Court of Civil Appeals of Texas. Galveston.

Aug. 1, 1945.

Rehearing Denied Nov. 15, 1945.

Charles Murphy, of Houston, for appellant.

Lewis W. Cutrer, City Atty., and George W. Eddy, First Asst. City Atty., both of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Harris County sustaining certain exceptions to a petition in an action brought by appellant, J. W. Payne, to restrain the City of Houston from enforcing a penal ordinance regulating the operation of taxicabs within its city limits and for a declaratory judgment under the Uniform Declaratory Judgment Act of

this State, Article 2524—1, §§ 1, 2, Vernon's Ann. Civil Statutes.

Appellant alleged that he had been engaged in the taxicab business in the City of Houston for many years and that, in January, 1945, he had tendered to the City of Houston, through its officers, the full sum of $35 for a permit on each of certain taxicabs operated by him for the year 1945, but that the City had refused to accept such tender in full and had permitted him to pay only the sum of $8.75 for each taxicab for which he held permits and that he thereby became a licensee under and by virtue of the ordinances of the City of Houston.

By special exception appellee alleged that it affirmatively appeared from plaintiff's petition that he was not at that time a licensee qualified to engage as a taxicab operator in the City of Houston and could, therefore, not be heard to complain of an ordinance regulating and controlling the operation of taxicabs therein; that his petition failed to state a cause of action entitling him to an injunction because it failed to allege that plaintiff had a property right in and to the use of the City's streets and thoroughfares to conduct his private business as a taxicab operator, and that as a matter of law appellant had no vested property rights therein.

The trial court sustained the City's special exceptions, holding that appellant had not stated a cause of action entitling him to the injunctive relief sought. Appellant has appealed from this order.

The ordinance, the enforcement of which is sought to be enjoined, is penal in its nature. It provides for an annual street rental charge of $60, payable in advance, for each taxicab operated over the City's streets for which a certificate or license has been issued, and that "it shall be unlawful for anyone to drive or operate a taxicab upon and over the streets of Houston unless such rental charge has been paid thereon and a permit, certificate or license issued thereon. * * *" The ordinance was passed and approved on March 28, 1945, at which time the payment of the street rental charge in the amount of $60 per annum became a condition to the right to operate a taxicab over the City's streets and thoroughfares. Appellant's petition was filed on April 10, 1945, approximately thirteen days after the adoption of the ordinance. It is admitted in his original petition that he had

only paid the sum of $8.75, a quarter of the then annual fee of $35 required under the ordinance for the operation of each taxicab. It is thus obvious that appellant was only licensed to operate his taxicab for the first three months of 1945 and that thereafter, unless he paid the proportionate balance of the street rental charge required by the ordinance, such operation would be in violation of said ordinance and subject to its penal provisions.

It is the established rule in this state that courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute or ordinance only when same is void and when its enforcement invades a vested property right of complainant. Kemp Hotel Operating Company v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; City of Ballinger v. Boyd, Tex.Civ.App., 173 S.W.2d 363.

The Supreme Court in the case of Ex parte Sterling, supra [122 Tex. 108, 53 S.W.2d 295], announces the well established rule governing in actions of this nature:

"Under the well-established rules of equity jurisprudence, it is clear that the district judge was without authority to issue the writ of injunction to prevent the enforcement of the law regulating the operation of motor trucks upon the highways of this state unless the petition for such injunction clearly showed the existence of two facts, viz.: First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants." Kemp Hotel Operating Company v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; City of Ballinger v. Boyd, Tex.Civ.App., 173 S.W.2d 363, and authorities there cited.

Appellant's petition on which the injunction was sought shows upon its face that no vested property right of appellant would be affected by the enforcement of this act. Appellant was not seeking, in common with the general public, the ordinary use of the streets of the City of Houston, but an extraordinary one for the purpose of carrying on a business for profit. As held in the case Ex parte Sterling, supra: "Public highways and streets are constructed and maintained at the public expense. No person, therefore, can insist that he has, or may acquire, any vested

right to use such streets and highways in carrying on a commercial business."

The allegations of appellant's petition fail to show any fact which would constitute the ordinance under consideration either unconstitutional or void.

Appellant's case is controlled by the cited authorities under which he is clearly shown not to be entitled to the injunctive relief sought.

Appellant contends that appellee's special exceptions which were sustained by the trial court were in effect general demurrers which are prohibited by Rule 90, Texas Rules of Civil Procedure, and that they failed to comply with Rule 91 of the Rules of Civil Procedure. This contention cannot be sustained.

Said Rule 91 reads: "A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to."

The special exceptions complained of in this case, we think, plainly point out with sufficient particularity the defects of the pleading excepted to and allege clearly the grounds on which the exceptions are based. The fact that said exceptions allege that appellant's petition does not state a cause of action does not, we think, constitute them "general demurrers" within the purview of said Rule 90 which prohibits the use of general demurrers.

It follows from above conclusions that the judgment of the trial court must be, in all things, affirmed.

Affirmed.