**PARKER BROTHERS & COMPANY, Inc.,**
**Appellant,**

**v.**

**CITY OF HUNTER'S CREEK VILLAGE,**
**Appellee.**

**No. 15663.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 5, 1970.

William Key Wilde, Harvin C. Moore, Jr., Houston, for appellant; Bracewell & Patterson, Houston, of counsel.

Burke Martin, Odis S. Mingus, II, Houston, for appellee; Saccomanno, Clegg, Martin & Kipple, Houston, of counsel.

PEDEN, Justice.

This is an appeal from the denial of an application by Parker Bros. to temporarily enjoin the enforcement of a penal ordinance of the City of Hunter's Creek Village regulating certain truck traffic on Voss Road within that City.

The appellant's only point of error states: "The trial court erred in denying appellant's application for temporary injunction because the ordinance is unnecessary, unreasonable and arbitrary and its enforcement results in irreparable injury to the property rights of appellant and serious impairment of the use of appellant's property."

The ordinance in question was enacted on September 15, 1969. It bears number 228 and provides, in part:

"It shall be unlawful for any person, firm or corporation to drive, operate, or cause to be operated a truck having dual rear wheels or more than two axles upon Voss Road or Memorial Drive within the residential area of the City of Hunter's Creek Village; provided, however, that this regulation shall not apply when such truck is en route to, or en route from, a destination within any of the cities of Hunter's Creek Village, Piney Point Village, Bunker Hill Village or Hedwig Village, or making a pickup or delivery, or rendering some requested service at premises within any of the said four cities."

The ordinance contains definitions of the terms "truck" and "residential area." It states that violators shall be guilty of a misdemeanor and upon conviction shall be fined not less than $10. nor more than $200. It repeals Ordinance 181 and contains a severability clause.

The parties stipulated that Hunter's Creek Village is a general law city.

The Supreme Court of Texas stated the rule of law applicable to this case in State v. Logue, 376 S.W.2d 567 (1964):

"The general rule is that equity will not enjoin enforcement of the criminal law. Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. Ex parte Sterling, supra; Crouch v. Craik, Tex., 369 S.W.2d 311 (1963). If either one of the requirements of equitable relief in this type of situation— void law and irreparable injury to property rights—is lacking, the courts of equity have no jurisdiction to entertain such suit. Because of the dual system of courts in this State—civil and criminal—this court will not pass on constitutionality of a criminal statute unless the requirement of irreparable injury of property rights is involved. See Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217, 219 (1943)."

For this reason we look first to the question of whether Parker Bros., had a property right in its operations that would be irreparably damaged by the City's proceeding to enforce the provisions of the ordinance in question.

The appellants " * * * are not making, in common with the general public, the ordinary use of the highways, but an extraordinary one for the purpose of carrying on a business for profit. That they have no vested right to so use such highways is beyond question. Public highways and streets are constructed and maintained at the public expense. No person, therefore, can insist that he has, or may acquire, a vested right to use such streets and highways in carrying on a commercial business * * * " Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (Tex.Sup.1932); State v. Logue, supra.

As stated in the latter case, it is our duty to consider the property rights being affected as related to the adequacy of Parker Bros.' remedy at law, which is to set up the unconstitutionality of the ordinance in a defense to criminal proceedings. The property rights in question are those of Parker Bros. to produce, sell and deliver shell, sand, gravel, ready-mix concrete, bricks, concrete blocks and limestone. The company complains that the closing of part of Voss Road to its trucks forces it to send them on a circuitous route in delivering products from its Brittmoore and its Clay Road plants to an area of Houston surrounding the intersections of Voss Road with Westheimer Road and with Woodway.

Voss Road runs in a northerly and southerly direction. It is heavily travelled, and, together with its extensions on the south (called Hillcroft) and on the north (called Bingle) extends some fourteen miles. Both of these extension streets end in Houston. That part of Voss Road within the city limits of Hunter's Creek Village is less than two miles long; at its north end it intersects the Katy Freeway, Interstate 10. The appellant's Brittmoore plant is located about four miles west on the Katy Freeway from its intersection with Voss Rd. on the north side of the City. The Clay Rd. plant is about four miles north of the intersection of Voss Rd. and Katy Freeway. The Voss-Woodway-Westheimer area to which the appellant refers is located within the City of Houston just south of the city limits of Hunter's Creek Village.

The appellant's treasurer testified that the additional delivery expense involved in routing its trucks around that part of Voss Road which lies within Hunter's Creek Village would prevent it from being economically feasible for Parker Bros. to deliver from its Brittmoore or Clay Road plants materials to fill the contracts it has in the area in question. Those contracts call for the appellant to supply and deliver to that area before December 31, 1970 some 100,000 cubic yards of concrete, 300,000 tons of limestone and two million units of blocks and bricks.

He testified on cross-examination that the appellant also has a plant on Westpark Dr. that is southwest of the area in question, a little closer to it than the appellant's other two plants. He explained that the Westpark plant and the trucks located there are inadequate to supply the material needed to fill the contracts and that they are being used to supply another area.

■ The appellant has failed to discharge its burden of showing a clear abuse of discretion on the part of the trial court in denying the temporary injunction. The judge was entitled to find from the evidence, and we presume in support of his order that he did find, that Parker Bros. had failed to establish that the enforcement of Ordinance 228 against the appellant in the operation of its trucks will cause irreparable injury to its business. It has not been shown that Parker Bros. cannot deliver its materials to the area in question by increasing the facilities at its Westpark plant and by operating more of its trucks from there. The expense that would be thus incurred has not been shown.

Testimony by the appellant company's official as to profit margins, delivery expense, practicality of dispatching trucks from one plant instead of another and inadequacy of facilities constituted opinion

testimony and was not of a character to conclusively establish such matters; it merely raised issues of fact which we are required to assume, in support of the trial court's order, he found against the appellant. Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968).

And, as was also pointed out in the Broussard case, supra, the testimony of an interested witness does no more than raise a fact issue unless it is clear, direct and positive with no doubts cast upon it by other evidence. At most, it is to be weighed by the trier of facts in the light of all the evidence and surrounding circumstances, and the inferences to be drawn therefrom.

The fact that the appellant's contracts to sell and deliver building materials might be affected if the ordinance is upheld does not entitle the appellant to injunctive relief.

"Contracts which relate to the use of highways must be deemed to have been made in contemplation of the regulatory authority of the state." State v. Logue, supra, citing Sproles v. Binford, 286 U.S. 374, 390, 52 S.Ct. 581, 586, 76 L.Ed. 1167. We perceive no reason why this rule would be inapplicable to the regulatory authority of a city over streets within its corporate limits.

The instant case is distinguishable on the facts from our case of League City v. W. R. Flora & Sons, Inc., 388 S.W.2d 748 (Tex.Civ.App.1965, no writ). In that case one of the parties to the suit, Earl Turner, owned property on the street the use of which by trucks was restricted by an ordinance, and the effect of our holding was that the trial court did not abuse his discretion in presumably finding that Turner's land had been irreparably damaged by the city ordinance in that his right of free and unimpaired access to and egress from it had adversely affected the value of the land.

In the instant case the trial court denied the application for temporary injunction, so the appellant must show an abuse of discretion in such denial. Parker Bros. did not establish as a matter of law that access to and egress from their Brittmoore and Clay Rd. plants was impaired by the ordinance so as to adversely affect the value of those properties. Neither of their plants is located within Hunter's Creek Village, and the ordinance in question permits use of Voss Rd. by the appellant's trucks to serve premises within Hunter's Creek Village and three other neighboring municipalities.

We also note that the Supreme Court of Texas refused outright to grant a writ of error in the case of Mooney v. City of San Antonio, 386 S.W.2d 638 (Tex.Civ.App. 1965) in which the Court of Civil Appeals affirmed the trial court's having sustained the City's plea to the jurisdiction based on the absence (as here) of a claim by the applicants that they had a vested right to use the streets of the City to carry out their business.

We conclude that a clear abuse of discretion by the trial court has not been shown and that the evidence supports his implied finding that there was no threat of irreparable injury such that the appellant would have no adequate remedy at law.

Affirmed.