## Case No. 6,788.

### In re HOWES.

[21 Vt. 619; 2 N. Y. Leg. Obs. 271; 6 Law Rep. 297.]

District Court, D. Vermont. Aug., 1843.

REPEAL OF LAW—WHEN IT TAKES EFFECT.

1. The statute repealing the bankrupt act took effect the day it was approved, which was March 3, 1843 [5 Stat. 614], and, as there can be no fractions of a day in a question of this nature, it must be considered as being in force from the first moment of that day.

[Cited in Westbrook Manuf'g Co. v. Grant, 60 Me. 95.]

2. The presenting and filing of the petition is deemed to be the commencement of a proceeding in bankruptcy; and where the petition was presented March 3, 1843, it was held, that no order could be taken upon it, other than to dismiss it.

[Cited in Re Welman, Case No. 17,407.]

This was a petition by David Howes, declaring himself to be unable to meet his debts and engagements, and praying for the benefit of the bankrupt law. The petition was presented and filed March 3, 1843; and it was moved that an order of notice to creditors and others be issued thereupon, to show cause why the petitioner should not be declared a bankrupt.

PRENTISS, District Judge. The act passed at the last session of congress, repealing the bankrupt law, was approved on the third day of March, and of course the act became a law and took effect as such on that day. As there can be no divisions or fractions of a day in a question of this nature, the act, in construction of law, must be considered as having relation to, and as being in force from, the first moment of the day on which it was approved; and, consequently, the bankrupt law was repealed, and ceased to have any operation, except what is reserved to it by the proviso to the repealing act, from and after the day preceding.

The proviso, so far as is material to the question under consideration, merely declares, that the act shall not affect any case or proceeding in bankruptcy, commenced before the passage of the act, but every such proceeding may be continued to its final consummation in like manner as if the act had not been passed. The effect of the proviso being simply to qualify and limit the enacting clause, so far as to save from its operation, and allow it to be continued and prosecuted, such cases in bankruptcy, as were commenced and pending before the passing of the act, that is in legal consideration, as we have seen, before the day on which the act was passed, no case or proceeding in bankruptcy is saved by the proviso, except such as was commenced before that day. The presenting and filing of the petition is deemed to be the commencement of a proceeding in bankruptcy; and as the petition in the present case was presented and filed, not before but on the day, on which the repealing act was passed, and so not before the passage of the act, the proceeding was not commenced in time, and no order can be taken upon the petition, other than to dismiss it.