KANSAS CITY, M. & O. RY. CO. OF TEXAS et al. v. HARRAL. (No. 5796.)

(Court of Civil Appeals of Texas. Austin. Oct. 17, 1917. Rehearing Denied Dec. 5, 1917.)

1. COURTS &⇒97(5) — FORMER DECISIONS AS AUTHORITIES — DECISIONS OF FEDERAL COURTS.

The decisions of the federal courts are controlling on a state court in determining whether a federal statute had taken effect at the time an interstate shipment was made.

2. STATUTES &⇒255—TIME OF TAKING EFFECT.

The Cummins amendment to the Interstate Commerce Act approved by the President March 4, 1915 (Act Cong. March 4, 1915, c. 176, 38 Stat. 1196 [U. S. Comp. St. 1916, §§ 8592, 8604a]), and which by the terms of section 2 was to take effect and be in force from 90 days after its passage, was in effect when a shipment was made on June 2, 1915, as the date of the passage of the act must be included in computing the time when the act became operative.

3. TRIAL &⇒202—INSTRUCTIONS — PREPARATION—DUTY OF COURT.

It was not improper for the court to adopt as its main charge a charge prepared by plaintiff's counsel.

4. TRIAL &⇒263—REQUESTED INSTRUCTIONS— PRESENTATION AND ALLOWANCE.

That special charges requested by plaintiff were prepared, filed, and marked, "Given," on the evening before they were read to the jury was not error, where defendants were afforded ample opportunity to file objections before the charges were read.

5. APPEAL AND ERROR &⇒662(3) — BILL OF EXCEPTIONS—CONCLUSIVENESS.

Though the bill of exceptions showed that after the jury had retired to deliberate they returned into court and asked a further charge, and that the court called their attention to the written charge and made some explanation in answer to the jury's question, the court's statement therein that he gave no additional instructions was controlling.

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by A. G. Harral against the Kansas City, Mexico & Orient Railway Company of Texas and others. Judgment for plaintiff, and defendants brings error. Affirmed.

H. S. Garrett, of San Angelo, for plaintiffs in error. Blanks, Collins & Jackson, of San Angelo, for defendant in error.

RICE, J. A. G. Harral, defendant in error, plaintiff in the court below, brought this suit against the Kansas City, Mexico & Orient Railway Company of Texas, and the Kansas City, Mexico & Orient Railway Company of Kansas, defendants in the court below, to recover damages alleged to have been sustained to a shipment of sheep from Girvin, Tex., to Kansas City, Mo., claiming injury thereto by reason of delay, rough handling en route, as well as damage to the sheep by reason of insufficient and inadequate feed pans at Altus, Okl., where the sheep were unloaded for rest, feed, and water. Defendants, after specific denials, interposed in defense that the shipment was delayed by reason of an unprecedented flood, which washed out the bridges along its line of railway north of Altus; and further pleaded that the shipment, which was an interstate transaction, went forward under a bill of lading or live stock contract, wherein, in consideration of a reduced rate, it was provided, first, that no recovery for damages should be allowed unless the suit was brought within 91 days after the cause of action accrued, and, second, no recovery should be had for the value of the sheep in excess of $3 per head in case of total loss, and, in case of injury or partial loss, to the proportionate amount of such valuation. The case was tried before a jury on special issues, and resulted in a verdict and judgment in favor of plaintiff for the sum of $600, from which this writ of error is sued out.

The court sustained plaintiff's demurrers to the last two defenses urged by defendants, and this ruling is assigned as error by them on the ground that such stipulations were lawful under the Carmack amendment to the Hepburn Act (U. S. Comp. St. 1916, §§ 8604a, 8604aa), which they claim was then in force, while plaintiff insists that both of such stipulations were unlawful and void under the provisions of the Cummins amendment to the Interstate Commerce Act, passed March 4, 1915, which permits a recovery for full value for such loss and injury any time within two years; but it is seriously contended by defendants that the last act was not operative on June 2, 1915, the date of such shipment. The President approved this amendment to said act on March 4, 1915. The second section thereof states "that this act shall take effect and be in force from ninety days after its passage." 38 Stat. 1197.

If the day of the passage of the act is to be excluded in computing the time, then defendants are right; but, if it is to be included, then the act became operative and in full force and effect on the 1st of June, 1915. There is some contrariety of opinion in our state on this subject, but it seems that the federal courts have held that the date of the passage of the act shall be included within the count. See Arnold v. United States, 9 Cranch, 104, 3 L. Ed. 671; Lapeyre v. United States, 17 Wall. 191, 21 L. Ed. 608; Taylor v. Brown, 147 U. S. 644, 13 Sup. Ct. 549, 37

---

L. Ed. 315; Leidigh Carriage Co. v. Stengel, 95 Fed. 637, 37 C. C. A. 210; United States v. O'Neill (C. C.) 19 Fed. 567; McGinley v. Laycock, 94 Wis. 205, 68 N. W. 871; Louisville v. Savings Bank, 104 U. S. 469, 26 L. Ed. 775; State v. Asbury, 26 Tex. 82.

[1] In view of the fact that this was an interstate shipment and involves the construction of a federal statute, we think that the federal rule for computing the time when this amendment should become effective must control our decision.

In Arnold v. United States, supra, the facts show that on July 1, 1812, Congress passed an act levying additional taxes and duties on all goods, wares, and merchandise thereafter imported into the United States, such to be collectible "from and after the passage of this act." Act Cong. July 1, 1812, c. 113, 2 Stat. 769. On the same day a brig arrived within the limits of the United States, and sought to be relieved from the duties imposed by the act in question. In holding that the tariff must be paid under the terms of the new act, Justice Story announces the following rule:

"The material facts are that the brig arrived within the limits of the United States on the 30th day of June, 1812, and within the collection district of Providence on the 1st day of July, 1812. On the 2d day of July an entry was duly made at the custom house, and the present bond was then executed.

"The principal question which has been argued is whether on these facts the goods are liable to the payment of the double duties imposed by the act of the 1st day of July, 1812 [chapter 112]. That act provides 'that an additional duty of 100 per cent. upon the permanent duties now imposed by law, etc., shall be levied and collected upon all goods, wares and merchandises which shall, from and after the passing of this act, be imported into the United States from any foreign port or place.' It is contended that this statute did not take effect until the 2d day of July; nor, indeed, until it was formally promulgated and published. We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that, where the computation is to be made from an act done, the day on which the act is done is to be included."

In Leidigh Carriage Co. v. Stengel, supra, is found the following statement of the rule: On November 1, 1898, Stengel and other creditors of the carriage company filed an involuntary petition in bankruptcy against such company in the District Court of the Southern District of Ohio. Section 71[1] of the Bankruptcy Act approved July 1, 1898 (U. S. Comp. St. 1916, § 9654 note), provides as follows:

"This act shall go into full force and effect upon its passage: Provided, however, that no petition for voluntary bankruptcy shall be filed within one month from the passage thereof, and no petition for involuntary bankruptcy shall be filed within four months of the passage thereof."

_____

[1] The act of Congress indicated did not designate the matter quoted as section 71, but probably intended to do so. Congress subsequently added a section 71, containing matter foreign to the provision referred to by the court.

In disposing of the case, Mr. Justice Taft uses the following language:

"It is contended that under this language no petition for involuntary bankruptcy could be filed before the 2d day of November, 1898. Nothing has been introduced into the record, or otherwise brought to the attention of the court, to show at what hour of the day of July 1, 1898, the bankruptcy act was approved by the President. In the absence of such a showing, it is presumed to have been approved on the first minute of the day of July 1, 1898. Arnold v. U. S., 9 Cranch, 104 [3 L. Ed. 671]; Lapeyre v. U. S., 17 Wall. 191–198 [21 L. Ed. 606]; In re Welman, 20 Vt. 653 [Fed. Cas. No. 17,407]; In re Howes, 21 Vt. 619 [Fed. Cas. No. 6,788]; U. S. v. Norton, 97 U. S. 164 [24 L. Ed. 907]; In re Richardson, 20 Fed. Cas. 699; Arrowsmith v. Hamering, 39 Ohio St. 573; Tomlinson v. Bullock, 4 Q. B. Div. 230. * * *

"The cases in which it has been permitted to show by evidence, and by records of which the court takes judicial notice, exactly the hour and the minute of the day when a bill is passed, are cases where the effect of the ordinary presumption that the act is approved upon the first minute of the day of its approval would have been to make the legislation retroactive, and therefore harsh and unjust. It is doubtful whether, in a case like the present, where the date at issue is four months after the passage of the bill, it should be permitted to go into evidence to show the exact minute and hour of the day when the bill was approved. We are inclined to think that in such a case, where there is no retroactive effect possible, the court should hear no evidence upon the point, but should, in order to secure certainty, hold the presumption that the act was approved on the first moment of the day of its date to be conclusive.

"It is, however, not necessary for us to decide this question, because, in the absence of any proof as to the hour and minute when the bill was approved, the presumption must be given effect. This is abundantly established by the authorities already cited. Calculating four months, therefore, from the beginning of the day of July 1st, the four months was complete upon the ending of October 31st, and before the beginning of November 1st following. Hence the petition of petitioners below was filed in time."

In the case of Chicago v. Smyth, 94 Iowa, 401, 62 N. W. 792, it is said:

"We next inquire as to the proper construction to be given to the words 'from and after April 1, 1893,' as written in this contract. * * * The learned district judge, after noting that the courts have differed in their construction, of the words 'from and after,' correctly states the rule to be as sustained by the weight of authority, 'that if it is from an act done it is inclusive, but if from a day it is exclusive.' This statement of the rule is based upon reason as well as authority. If it is from an act done, the time commences immediately upon the act being done. We have a familiar illustration in legislative enactments which are to take effect from and after their passage, or from and after publication. In the case of Arnold v. U. S. [147 U. S. 494], 13 Sup. Ct. 403 [37 L. Ed. 253], the question was whether the additional duties imposed by an act passed and which took effect on July 1, 1812, were chargeable upon the cargo of a ship that came within the jurisdiction of the United States, and within one of its collection districts, on the 1st day of July, 1812. The court says: 'The statute was to take effect from its passage, and it is a general rule that, where the computation is to be made from an act done, the day on which the act is done is to be included.' It was held that the goods were subject to the additional duty. * * * Mr. Bish-

op, in his work on Contracts (section 1343), states the rule thus: 'Where time is computed from an act done, the general rule is to include the day. Where it is computed from the day of the act done, the day is excluded.'"

Mr. Justice Harlan, in Louisville v. Bank, supra, quotes with approval the doctrine announced in Arnold v. U. S., 9 Cranch, 120, 3 L. Ed. 671.

[2] Adopting the view expressed by the eminent jurists above stated, we conclude that the date of the passage of the act must be included in computing the time when the act in question will become operative. If this is done, then this act was in full force and effect on the 1st of June, 1915, and had controlling effect on this shipment, for which reason this assignment is overruled.

[3] Counsel for plaintiff prepared and submitted to the court a charge, which was adopted by it as the main charge and given in charge to the jury. Defendants contend that this was error, in that the law requires the court to charge the jury, which they insist means that the court itself shall prepare the charge and not give a charge prepared by counsel for either party. We differ with counsel in this respect, and hold that it was competent for the court to give the charge. By giving the charge the court adopted it and made it his own, and it is immaterial who prepared it, for which reason we overrule the third assignment.

[4] The court gave several special charges prepared by counsel for plaintiff. It seems that they had been prepared, filed and marked, "Given," on the evening before they were in fact read to the jury. On the next morning counsel for defendants, noticing them in the file, stated that they desired to file objections thereto, which privilege was accorded them; after which they filed their objections, and the court read such special charges to the jury. It is contended that this was error, on the ground that it prejudged issues of law presented therein. Defendants having been afforded ample opportunity before the charges were read to the jury to object, and having filed their objections thereto, we hold that no error is shown, for which reason we overrule the fourth assignment.

We do not think special charge No. 5 given by the court is subject to the objection that it unduly accentuates plaintiff's theory of the case, and overrule the fifth assignment.

[5] By the ninth assignment it is urged that the court erred in giving an oral instruction to the jury in the absence of defendants, or their counsel, and without their knowledge or consent, after the jury had retired to consider of their verdict. While the bill shows that, after the jury had retired to deliberate upon their verdict, they returned into court in the absence of counsel and asked for a further charge with reference to a certain phase of the case, and the foreman testified

that the court called their attention to the written charge and made some explanation in answer to the question, still the court states in the bill that he did not give any additional instructions to the jury; this being the state of the record, no error is shown, because we think the statement of the court must have controlling effect.

The remaining assignments have been considered, but are regarded without merit, for which reason they are all overruled.

Finding no error in the proceedings of the trial court, the judgment is in all respects affirmed.

Affirmed.