## H. E. WORBES v. THE STATE.

No. 16645.   Delivered April 25, 1934.
Rehearing Denied (Without Written Opinion) May 23, 1934.

The opinion states the case.

*Shead & Smith,* of Longview, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of transporting motor fuel and gasoline under a false billing and manifest, and his punishment assessed at a fine of $250.

By motion to quash and by a motion in arrest of judgment, the appellant questioned the sufficiency of the indictment, which, omitting the formal parts, reads as follows: "That on or about the 5th day of May, A. D., 1933, and anterior to the presentment of this indictment, in the County and State aforesaid, H. E. Worbes did then and there unlawfully and knowingly transport motor fuel and gasoline upon which a tax is required to be paid under a false billing, in that: the said H. E. Worbes did then and there knowingly transport eleven hundred eighty-five (1185) gallons of motor fuel and gasoline under a billing and manifest showing the right to transport nine hundred eighty-five (985) gallons of motor fuel and gasoline, which said entry of nine hundred and eighty-five (985) gallons upon said manifest was false and untrue, whereas if said billing and manifest had been true and correct it would have shown the right to transport eleven hundred eighty-five (1185) gallons of motor fuel and gasoline. The said H. E. Worbes then and there well knowing that said billing and manifest was false and untrue at the time he transported said motor fuel and gasoline as aforesaid."

The appellant contends that the indictment is vague, indefinite, and uncertain and does not apprise the appellant of the nature of the charge against him and does not specify whether the same was natural gasoline or casing head gasoline. Section 15, of chap. 44, of an Act of the Regular Session of the 43rd Legislature, among other things, reads as follows:

"Whoever shall knowingly transport in any manner any motor fuel, kerosene, naptha, distillate, casinghead or natural gasoline under a false billing * * * shall be guilty of a felony and shall be punished by confinement in the State penitentiary for not more than two (2) years or by confinement in the county jail for not less than one (1) month nor more than six (6) months or by a fine of not less than One hundred Dollars

($100.00) nor more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment."

It will be observed that the statute itself uses the words "motor fuel, kerosene, naptha, distillate, casing head or natural gasoline," and the indictment in charging the transportation of motor fuel or gasoline is comprehensive enough within its meaning to include casing head and natural gasoline, or either.

The gist of the offense is in the transportation of motor fuel or gasoline or both under a false billing or manifest. We are not unmindful of the fact that this court has frequently held that the accused is entitled to know the nature of the accusation against him, and that a charge must be sufficiently definite to enable him to make his defense and avail himself of the record of conviction or acquittal for his protection against further prosecution and to inform the court of the facts charged so that it may decide as to their sufficiency in law to support a conviction, if one be had, and the elements of the offense must be set forth in the indictment with reasonable particularity. It is true it is not always sufficient to charge statutory offenses in the language of the statute, and where the definition of the offense includes generic terms it is not sufficient that the indictment charge the offense in such terms, but it must state the particulars; however, an indictment which charges the offense in the language of the statute and which distinctly and clearly charges each and every element of the offense intended to be charged is generally held sufficient. An examination of the indictment shows that it specifically states the elements of the offense with sufficient particularity to fully advise the defendant of the nature of the accusation against him and to advise the defendant of what he is to meet at the trial, which leads us to the conclusion that the indictment is sufficient. The appellant contends that the words "billing and manifest" should have been explained in the indictment by innuendoes. We do not believe that this was necessary inasmuch as "manifest" is defined by Bouvier to be "a written instrument containing a true account of the cargo of a ship or commercial vessel. It must contain a list of all packages or separate items of freight with their distinct marks, etc." The making of a false manifest and the transportation of the motor fuel and gasoline by virtue of a false manifest is the gravamen of the offense. We overrule the appellant's motion to quash the indictment and his motion in arrest of judgment.

The appellant's contention that the law was passed on March 14, 1933, and approved March 21, 1933, and therefore

did not become effective until 90 days thereafter is without merit because the bill was passed in the House by a vote of 117 yeas to two nays, and in the Senate by a vote of 27 yeas to one nay, with the emergency clause attached. Hence, the law became effective upon its approval March 21, 1933.

The statement of facts in this record is in question and answer form and therefore cannot be considered by this court. Hence, we are unable to determine the sufficiency of the evidence to support the conviction.

No other errors having been assigned by the appellant, and none appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.