

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Overruled in part by
O-5185

Hon. Chas. B. Cook, Secretary, Texas State Board of Embalming
Austin, Texas

Dear Sir:

Opinion No. O-1064
Re: Effective date of Senate Bill No. 276 and right of appeal of a person whose license has been revoked by the Board of Embalmers.

Your letter of June 28, 1939 in which you request our opinion on S.B. 276 of the 46th Leg., has been received by this department. You ask that we answer the following two questions:

"First. Does this become effective immediately upon being signed by the Governor?

"Second. The State Board of Embalming is granted the power and it is its duty to revoke a license for proper cause. Before this act was passed a person having his license revoked had the right of appeal, first to the State Board of Health, who was then the appointing power of the Embalming Board, and then to the District Court. Under the law as amended by Senate Bill No. 276 where would the right of appeal be?"

Section 3 of Senate Bill 276 is an emergency clause and provides that the act shall take effect and be in force from and after its passage. Under these circumstances it is well settled that an act becomes law on the final official act of approval which would be the signature of the Governor of the State of Texas. When an act is passed as an emergency measure it becomes a law immediately upon approval. See Worbes v. State, 71 SW 2nd 872.

Section 2 of Senate Bill No. 276 provides that the State Board of Embalming is granted the powers and has imposed upon it the duties provided for in Articles 4577 to 4582 inclusive, of the Revised Civil Statutes of Texas, 1925, and in Chapter 287, Acts of the Regular Session of the 44th Legislature. It would appear therefore that the only effect of Senate Bill No. 276 is to replace Article 4576. The act was not passed as an amendatory article but since it is clearly in conflict with Article 4576 it operates to repeal the article and to substitute the provisions of Section 1 of the bill. Reading S.B. 276 in its entirety, the conclusion is inescapable that this is

exactly what the Legislature intended to do.  By the express wording of the act and the clear intention of the Legislature none of the other existing laws affecting the State Board of Embalming are disturbed and all of such provisions remain in full force and effect.

Chapter 287, Acts of the Reg. Session of the 44th Leg. is codified in Vernon's Annotated Texas Statutes as Article 4582a, Sec. 4 of which reads as follows:

"Sec. 4.  The State Board of Embalming is hereby authorized for good cause to revoke any license of a funeral director issued by it subject to the right of appeal to the State Board of Health, and subject further to the right of appeal from the State Board of Health to the District Court of the county of the said funeral director.  Said funeral director shall have thirty days in which to appeal to said State Board of Health, and shall likewise have thirty days in which to appeal from the decision of the State Board of Health to the District Court.  Trial in the district court shall be de novo; and pending any appeal either to the State Board of Health or from the State Board of Health to the District Court, said license shall remain in full force and effect."

In answer to your second question it is the opinion of this department that the right of appeal of a person who has had his license revoked by the State Board of Embalming is governed by the above quoted section of the Acts of 1935, 44th Legislature, Chapter 287.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Ross Carlton
Ross Carlton, Assistant

APPROVED JUL 18, 1939
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       WRK, CHAIRMAN

RC:__:wb