**HOUSTON OIL CO. OF TEXAS v. LAWSON, Secretary of State, et al.**

**No. 11574.**

Court of Civil Appeals of Texas. Galveston.

Nov. 11, 1943.

Rehearing Denied Dec. 2, 1943.

Powell, Wirtz, Rauhut & Gideon and Ben H. Powell, all of Austin, and Sears, Blades, Moore & Kennerly and W. J. Knight, all of Houston, for appellant.

Gerald C. Mann, Atty. Gen., and George P. Blackburn, Woodrow H. Edwards, Harold McCracken, and Fowler Roberts, Asst. Attys. Gen., for appellees.

*MONTEITH, Chief Justice.*

This suit was brought by appellant, Houston Oil Company of Texas, for the recovery of the sum of $35,876.70, the amount paid by it to the Secretary of State as additional franchise taxes for the year beginning May 1, 1941, and ending April 30, 1942. Such taxes were paid under protest and suit was filed in accordance with the provisions of Article 7057b, Vernon's Annotated Civil Statutes.

Appellant had previously filed its franchise tax return in the office of the Secretary of State and had paid its franchise tax for said year in accordance with Article 7084, Vernon's Annotated Civil Statutes, which was the franchise tax law in effect prior to the enactment of Article 8 of House Bill VIII of the Acts of the 47th Legislature, commonly known as the Omnibus Tax Bill. Pursuant to the mandate of Article 8 of said House Bill VIII, the Secretary of State prepared and sent out, to appellant and all other corporations of which he had record, a supplemental franchise tax report-form demanding that said form be completed by said corporations in accordance with the provisions of the new law, and that the corporations pay the additional tax imposed by the new law. Appellant, in due time, completed and returned such supplemental report to the Secretary of State and paid such additional tax under protest. The amount so paid by appellant constitutes the amount here in controversy.

The suit was tried before the court without a jury and judgment was rendered for the defendant that plaintiff take nothing.

Article 8 of House Bill VIII, Acts of the 47th Legislature, was passed as an amendment to Article 7084, Vernon's Annotated Civil Statutes, which article was the franchise tax law then in force.

The material parts of Article 8 of said House Bill VIII read:

"Section 1. That Article 7084 of Chapter 3 of Title 122 of the Revised Civil Statutes of Texas of 1925, as amended by Acts, 1930, Forty-first Legislature, Fifth Called Session, page 220, Chapter 68, Section 2, as amended by the Acts of 1931, Forty-second Legislature, page 441, Chapter 265, Section 1, be and the same is hereby amended so that it shall hereafter read as follows:

"Article 7084. Amount of Tax.

"(a) Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, or doing business in Texas, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following, based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures, * * * as the gross receipts from its business done in Texas bears to the total gross receipts of the corporation from its entire business, which tax shall be computed on the basis of One Dollar ($1) per One Thousand Dollars ($1,000) or fractional part thereof; provided, that such tax shall not be less than Twenty Dollars ($20) in the case of any corporation, including those without capital stock, and provided further that the tax shall in no case be computed on a sum less than the assessed value, for State ad valorem tax purposes, of the property owned by the corporation in this State. * * * In all other cases, the tax shall be computed from the data contained in the reports required by Articles 7087 and 7089. Capital stock as applied to corporations without capital stock shall mean the net assets. * * *

"Section 1a. It is further provided that upon the passage of this Act or as soon after as is feasible, the Secretary of State shall mail to all corporations required to pay the franchise tax under the provisions of this Act, supplemental forms for the purpose of computing franchise taxes as provided by this Act for periods from the effective date of this Act to May 1, 1942, and he shall also mail notice to the effect that for failure to file the necessary report and for failure to pay additional amounts which shall accrue as a result of the passage of this Act the right of such corporations to do business will be forfeited on September 1st next; provided that the statutory penalty of twenty-five (25) per cent shall not accrue against such additional

amounts for failure to pay on or before May 1, 1941. The Secretary of State shall have the authority to promulgate such rules and regulations necessary to the immediate enforcement of this Act."

Section 5 of Article XXI of said House Bill VIII, Vernon's Ann.Civ.St. art. 7083b, § 5, reads as follows:

"If any Article, section, subsection, sentence, clause, or phrase of this Act is for any reason held to be invalid or unconstitutional, such decision shall not affect the validity of the remaining portions of this Act.

"The Legislature hereby declares that it would have passed this Act and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more of the sections, subsections, sentences, clauses, or phrases should be declared unconstitutional."

The caption of House Bill VIII, so far as applicable here, reads as follows: "An Act levying and allocating certain taxes, and providing revenues for the payment of old age assistance, aid to destitute children, aid to needy blind, obligations of the State under Teachers Retirement Act, and paying other expenses and obligations of the State; * * *; containing Article VIII amending Article 7084 of Chapter 3 of Title 122 of the Revised Civil Statutes of Texas of 1925, as amended by Acts, 1930, Forty-first Legislature, Fifth Called Session, page 220, Chapter 68, Section 2, as amended by Acts, 1931, Forty-second Legislature, page 441, Chapter 265, Section 1, by defining certain terms, prescribing the rate of tax and the minimum tax, providing for the method and manner of computing said tax and a minimum basis of computation, removing certain corporations from the provisions of paragraph (b) of said Statute, providing present total exemptions shall not be affected, providing the rate for public utility corporations and setting a minimum basis for value for computation, limiting the effectiveness of the Act and providing that Chapter 86, page 161, Forty-fifth Legislature, Acts 1937, shall not hereby be changed, altered or amended; providing for the immediate effectiveness of this amendment and the making of supplemental reports and payment of supplemental tax from the effective date of this Act to May 1, 1942, providing for forfeiture of right to do business and authorizing the Secretary of State to promulgate rules and regulations; * * *; and containing an emergency clause."

The emergency clause is designated as Section 9 of Article XXI of House Bill 8, and reads as follows: "The crowded condition of the calendar creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and that this Act take effect and be in force from and after the date of its passage, and it is so enacted."

The material parts of said Article 7089 referred to in House Bill VIII read: "Except as herein provided all corporations now required to pay an annual franchise tax shall, between January 1st and March 15th of each year, make a sworn report to the Secretary of State, on blanks furnished by that officer, showing the condition of such corporation on the last day of its preceding fiscal year. The Secretary of State may for good cause shown by any corporation extend such time to any date up to May 1st. Said report shall give the cash value of all gross assets of the corporation, the amount of its authorized capital stock, the capital stock actually subscribed, and the amount paid in, the surplus and undivided profits or deficit, if any, the amount of mortgage, bonded and current indebtedness, the amount and date of payment of the last annual, semiannual, quarterly, or monthly dividend, the amount of all taxes paid, or due and payable separately to the State of Texas, or to any county, city or town, school district, road district, or other taxing subdivision of Texas, for the preceding tax year, the total gross receipts of such corporation from all sources and the gross receipts from its business done in Texas for the fiscal year preceding, with a detailed balance sheet and income and profit and loss statement in such form as the Secretary of State may prescribe. * * *"

The enrolled House Bill VIII, Acts of the 47th Legislature, was duly enacted by both houses of the Legislature as an emergency measure, with the requisite number of votes in each house to make it immediately effective, and was approved by the Governor and filed with the Secretary of State on May 1, 1941.

The amendment of said Article 7084 by said House Bill VIII made the following changes therein: (a) It added a new base for computing the tax and establishing a new minimum basis for the tax. Before its

amendment, the only basis in the Statute for computing the tax was the invested and borrowed capital of the corporation. The amendment provided, in effect, that the basis for computing the tax should be the invested and borrowed capital of the corporation or the assessed value of the property of the corporation within the State for State ad valorem tax purposes, whichever should be the greater. (b) The amendment broadened the scope of the invested and borrowed capital provision of the Statute by including for the first time borrowed capital represented by renewals of indebtedness not payable within one year. (c) It enlarged the scope of the tax so as to embrace all corporations doing business in the State, whether having a permit or charter to do so or not. (d) It increased the rate of tax from a graduated scale of 60 cents and 30 cents per $1,000 to a rate of $1 per $1,000. (e) It increased the flat minimum rate of tax from $10. to $20. (f) It added Section 1a hereinbefore set forth, which contained certain administrative provisions for the collection of the tax.

Appellant's main complaint in the appeal is that the new provision of said Article 7084, as amended by Article 8 of said House Bill VIII, which provided that such "tax shall in no case be computed on a sum less than the assessed value, for State ad valorem tax purposes, of the property owned by the corporation in this State", is unconstitutional for uncertainty and that the action of the Secretary of State in fixing the date at which to determine the ownership and assessed value of the property of the corporation subject to the tax as of January 1, 1940, was without authority in law.

Appellant contends that the effect of injecting this provision for computing the tax on the assessed value of the corporation's property into the existing law was to establish a new system of taxation and the Act, as amended, does not fix a time or other means by which to determine the assessed value of the corporation's property and that, for this reason, Article 7084, as so amended, is void, invalid and unenforceable, under Section 1 of Article VIII, and Section 19 of Article I, of the Constitution of the State of Texas, Vernon's Ann.St., and the Fourteenth Amendment of the Constitution of the United States.

Prior to its amendment by House Bill VIII, the provisions of Article 7084 had been passed on and held to be constitutional by the Supreme Courts of both the State of Texas and the United States. United North & South Development Co. v. Heath, Tex.Civ.App., 78 S.W.2d 650, writ of error refused; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Ford Motor Co. v. Beauchamp, 308 U.S. 331, 60 S.Ct. 273, 84 L.Ed. 304.

A careful analysis of the Act, as amended, discloses that the new provision added to said Article 7084, which provides for computing a corporation's franchise tax on the assessed value of its property, has not been invoked against appellant in this suit and that its franchise tax for the period from May 1, 1941, to May 1, 1942, was not affected thereby. Appellant's supplemental franchise tax report for the year beginning May 1, 1941, and ending April 30, 1942, discloses that its taxable capital amounted to $51,680,468.58, and that its assessed value on January 1, 1940, amounted to $5,120,471. From these figures it is apparent that, since appellant's taxable capital as shown by said report was greater than the assessed valuation of its properties on January 1, 1940, its franchise tax for the period in question must have been and was measured under said Article 7084, as amended, from its taxable capital of $51,680,468.58, rather than the smaller sum, $5,120,471, its assessed valuation, and that appellant had not been discriminated against by that provision in said law which requires that its franchise tax shall not be computed on a less sum than its assessed valuation, nor can it complain of the action of the Secretary of State in fixing January 1, 1940, as the date for determining the assessed value of appellant's property subject to taxation, since appellant was not affected thereby.

It is the settled law that one who is not affected by a law may not challenge its validity. Southern Realty Corporation v. McCallum, D.C., 1 F.Supp 614; Roberts & Schaefer Co. v. Emmerson, 271 U.S. 50, 46 S.Ct. 375, 70 L.Ed. 827, 45 A.L.R. 1495; Dallas Taxicab Co. v. City of Dallas, Tex. Civ.App., 63 S.W.2d 359; Ex parte Sepulveda, 108 Tex.Cr.R. 533, 2 S.W.2d 445.

Appellant contends, however, that since said assessed value basis of the statute is unconstitutional, the entire statute is void for the reason that the parts of this statute are so interdependent that if one part of the Act is unconstitutional, all its parts must fall. Appellant bases its contention in this regard on the cases of Western Union Tel. Co. v. State of Texas, 62 Tex. 630, and

Pullman Palace Car Co. v. State, 64 Tex. 274, 53 Am.Rep. 758.

Article 7083b, § 5, as amended, expressly provides that:

"If any Article, section, subsection, sentence, clause, or phrase of this Act is for any reason held to be invalid or unconstitutional, such decision shall not affect the validity of the remaining portions of this Act.

"The Legislature hereby declares that it would have passed this Act and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more of the sections, subsections, sentences, clauses, or phrases should be declared unconstitutional."

By this declaration the Legislature expressly stated that it intended all other valid portions of the Statute to be operative in the event certain parts thereof should be held to be unconstitutional.

An analysis of the two cases above referred to discloses that the statute under consideration in the Western Union case was declared unconstitutional because after striking out the part held to be unconstitutional no measure for the tax remained. In the Pullman case the entire statute involved was declared unconstitutional because the Legislature had inserted therein certain unconstitutional exemptions.

The Statute under consideration in the instant case is, we think, not subject to the objections under which the statutes involved in the Western Union and Pullman cases above referred to were declared unconstitutional, for the reason that said Article 7084 requires each corporation in the State to make the same report that was required of appellant, regardless of whether its assessed valuation exceeded its taxable capital, and that if the valuation clause in the amended Act should be stricken therefrom it would still present a perfect measure for the tax applicable to each corporation subject to its terms and would impose the tax upon said corporations on a basis of its taxable capital in the identical manner that the tax is imposed upon this appellant.

Appellant contends that the Act under review violates the State and Federal constitutions, in that it fails to fix a time for determination of the ownership of the property to be taken into account in computing the tax, and that it unlawfully delegates authority to the Secretary of State.

Said Article 7084, as amended, expressly states that the tax shall "in no case be computed on a sum less than the assessed value, for State ad valorem tax purposes, of the property owned by the corporation in this State", and that, except in the case of foreign corporations which have heretofore done no business in Texas, the franchise tax "shall be computed from the data contained in the reports required by Articles 7087 and 7089."

The provisions of said Article 7087, referred to therein, apply only to certain affidavits concerning the amount of surplus and undivided profits the Secretary of State may require of corporations in determining correctness of the franchise tax reports.

Said Article 7089, which was in effect prior to the amendment of said Article 7084, provides, among other requirements, that "Said report shall give * * * the amount of all taxes paid, or due and payable separately to the State of Texas, * * * for the preceding tax year, * * * in such form as the Secretary of State may prescribe."

In the instant case, the Secretary of State, in compliance with the provisions of Article 7089, and prior to the amendment of that article by House Bill VIII, had prescribed and sent to appellant a form for use by the corporations in making their reports. That form required that the amount of taxes paid or due and payable to the State of Texas for the preceding year should be reported separately. In reply thereto, appellant had, under date of March 7, 1941, prior to the amendment of Article 7084, under this form reported to the Secretary of State that it had paid property taxes to the State of Texas in the sum of $35,-323.52.

Appellant's supplemental report, required by the Secretary of State under the terms of House Bill VIII, shows that on January 1, 1940, its assessed valuation for State ad valorem tax purposes, owned by it in this State, was $5,120,471.

A mathematical calculation will disclose that the amount of taxes paid by appellant the preceding year, $35,323.51, as shown by its first franchise tax report, was based upon the assessed valuation for tax purposes, at the then rate of 69 cents per $100 of the property owned by appellant in the

State the preceding year as shown by its supplemental franchise tax report.

It is thus apparent that under said Article 7084, as amended, the Secretary of State was required to obtain the same information that had been required of him by said Article 7089 prior to the amendment of Article 7084, and that the only thing left to his discretion in the amended Act was the form in which the information should be submitted.

This does not, we think, constitute an unlawful delegation of authority to the Secretary of State outside of that conferred by said Article 7089.

Appellant contends that the franchise tax based upon the property owned by the corporation on January 1, 1940, bears no reasonable relation to the value of the corporate privilege to do business in Texas for the period from May 1, 1941, to May 1, 1942, and that it is therefore unconstitutional.

It is the settled law in this State that the Legislature has the constitutional power to classify corporations for franchise tax purposes, the only requirement being that the classification be reasonable. Southern Realty Corp. v. McCallum, 5 Cir., 65 F.2d 934, writ of certiorari denied 290 U.S. 692, 54 S.Ct. 127, 78 L.Ed. 596; Pullman Palace Car Co. v. State, 64 Tex. 274, 53 Am.Rep. 758.

The provision of the Act complained of is merely the fixing of a minimum basis for the calculation of the tax at the assessed valuation of property owned by the corporation in this State, and is, we think, a reasonable classification. Roberts & Schaefer Co. v. Emmerson, 271 U.S. 50, 46 S.Ct. 375, 70 L.Ed. 827, 45 A.L.R. 1495.

Appellant contends that the Secretary of State had no authority to demand payment of the taxes here in controversy, for the alleged reason that the statute was not in effect at the date of the demand, and on the ground that it did not impose a tax for the period from May 1, 1941, to May 1, 1942.

It is the settled law in this State that, where an Act, including the emergency clause thereof, has been adopted by two-thirds of all the members elected to each house of the Legislature, it becomes effective immediately upon its approval. Worbes v. State, 126 Tex.Cr.R. 379, 71 S.W.2d 872; Kansas City M. & O. R. Co. v. Harral, Tex.Civ.App., 199 S.W. 659, writ refused; Blankenship v. Stallings, 141 S.W. 2d 957; Texas Co. v. Stephens, 100 Tex. 628, 103 S.W. 481.

In the instant case it is undisputed that said Article 8 of House Bill VIII was duly enacted by both houses of the Legislature as an emergency measure with the requisite number of votes in each house to make it immediately effective, and that it was approved by the Governor and filed with the Secretary of State on the 1st day of May, 1941. Since the emergency clause clearly manifested the intention of the Legislature that the Act should become effective as a revenue producing measure immediately upon its passage by the Legislature and the signature by the Governor, we think that it became effective on May 1, 1941. Worbes v. State, 126 Tex.Cr.R. 379, 71 S.W.2d 872; Kansas City, M. & O. R. Co. v. Harral, Tex.Civ.App., 199 S.W. 659; Blankenship v. Stallings, 141 S.W.2d 957; Texas Co. v. Stephens, 100 Tex. 628, 103 S.W. 481.

Under its seventh, eighth and ninth points appellant challenges the constitutionality of said Article 8 of House Bill VIII, on the theory that it is wanting in due process; that it is a retroactive law and that it impairs the obligations of contracts. This contention can not be sustained.

It has been uniformly held in this State that a general tax statute addressed to no particular person or corporation and requiring no acceptance by anyone does not form the basis of a contract by the State that, upon payment of the tax, it will not exact additional franchise taxes for the period covered by the receipt. Gaar, Scott & Co. v. Shannon, 52 Tex.Civ.App. 634, 115 S.W. 361 affirmed 223 U.S. 468, 32 S.Ct. 236, 56 L.Ed. 510; City of San Antonio v. San Antonio Public Service Co., 255 U.S. 547, 41 S.Ct. 428, 65 L.Ed. 777.

Further, the receipt which appellant received from the Secretary of State upon payment of its tax under the provisions of said Article 7084 prior to its amendment expressly recites that "Acceptance of this amount does not preclude the assessment of additional taxes and penalties according to the laws of this State."

Appellant contends that the increase in the taxes subsequent to the payment of the franchise tax by it amounts to an ex post facto and retroactive law and denies it due process of law. This contention is, we think, settled contrary to appel-

lant's contention by the case of Patton v. Brady, Ex'x, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713, wherein it was held that the Legislature had the constitutional authority to increase the excise for the exercise of that privilege even after the payment of the amount fixed by the prior law.

By its tenth point appellant attacks the validity of said Article 8 of House Bill VIII, on the ground that the assessed valuation feature of the Act imposes an additional ad valorem tax on property owned by corporations in this State. While, as above stated, we do not think that the constitutionality of this provision of the Act is material to the decision of this case, since this provision of the Act had never been invoked against appellant, we do not think that this attack on the Act could have ben sustained on this ground, for the reason that it has long been the settled law of this State that a franchise tax is neither a tax upon the property or the income of a corporation, though both are to be regarded in measuring such tax. The tax has been held to be a charge made by the State against the corporation for the privilege granted it of doing business in the State. United North & South Development Co. v. Heath, Tex.Civ.App., 78 S.W.2d 650, writ of error refused; Ford Motor Co. v. Beauchamp, 308 U.S. 331, 60 S.Ct. 273, 84 L.Ed. 304; Southern R. Co. v. Watts, 260 U.S. 519, 43 S.Ct. 192, 67 L.Ed. 375.

The judgment of the trial court will be in all things affirmed.

Affirmed.