**GRAYSON COUNTY STATE BANK,**
Appellant,

v.

*Robert S. CALVERT et al., Appellees.*

No. 10953.

Court of Civil Appeals of Texas.

Austin.

April 18, 1962.

Rehearing Denied May 9, 1962.

Brown & Brown, Sherman, for appellant.

Will Wilson, Atty. Gen., Bob E. Shannon, Asst. Atty. Gen., Austin, for appellee.

ARCHER, Chief Justice.

The appellant, Grayson County State Bank, is incorporated under the laws of Texas, and is located at Sherman, Texas. Its principal competitor is a National bank, The Merchants & Planters National Bank of Sherman, incorporated and regulated by the National Bank Act, 12 United States Code, § 21 et seq., 12 U.S.C.A. § 21 et seq.

The State of Texas by virtue of Chapter 12, Title 122A, Revised Civil Statutes of Texas V.A.T.S. places a franchise tax with specified exceptions on every domestic and foreign corporation chartered or authorized to do business in Texas. The appellant paid $2,579.45, its 1961 franchise taxes, and pursuant to Article 7057b, Vernon's Civil Statutes, it filed a written protest, in which it was contended that said tax was unconstitutional as a violation of Article I, Section 8, Constitution of Texas, Vernon's Ann.St. and a violation of the Constitution of the United States which requires that taxes be equal and uniform.

The appellant then filed a lawsuit in the 53rd District Court of Travis County in which it sought to recover the taxes paid under protest. On July 27, 1961, the Court held Chapter 12, Title 122A, V.A.C.S., to be constitutional and found, among other things, that the franchise tax is levied on all State banking institutions chartered and doing business under the laws of Texas, but that it is not levied on National banks chartered under the provisions of the National Bank Act, and which are conducting a banking business in Texas. The Court also found that 12 U.S.C. § 548, 12 U.S.C.A. § 548, permits State legislation to tax National Banks by: (1) taxing the shares of National banks, or (2) including dividends derived therefrom in the taxable income thereof, or (3) taxing associations on their net income, or (4) according to or measured by the net income under certain conditions. The Court also found that the tax levied under Chapter 12, Title 122A, V.A. C.S., is not levied upon any one of the bases enumerated in Title 12 U.S.C. § 548, 12 U. S.C.A. § 548.

Appellant asserts that the main question in the appeal is the correctness of the Court's conclusion of law No. 2, reading:

"That the failure of the Legislatures of the State of Texas to enact laws providing for the levy of franchise taxes upon state banking associations in the manner consented to by the Congress of the United States for the taxation of national banking associations located within the State of Texas does not constitute such discrimination as to violate the provisions of either Article VIII, Section 1 of the Constitution of Texas, or the 'equal protection' clause of the Fourteenth Amendment to the Constitution of the United States, or any other provision of either the Constitution of the United States or the State of Texas."

Appellant concludes that the present tax setup is unconstitutional, since the conclusion of the Court must stand on one of two propositions: (1) assuming that there is discrimination resulting in substantial damage, still the Legislature has no duty to avail itself of the options for equalization available under the Federal statute, or (2) no discrimination results from the present tax legislation.

We do not believe that the Trial Court erred in holding that Chapter 12, Title 122A, V.A.C.S., is constitutional and did not violate Article VIII, Section 1, of the Texas Constitution and the Fourteenth Amend-

ment of the United States Constitution, but do believe the statute to be constitutional.

The appellant is a bank, created by the State of Texas, which has paid the franchise tax levied and attacks that tax as being unconstitutional in that it is not levied on National banks created by and regulated by Federal law.

■ The several States do not have power to tax National banks except as expressly permitted by Congress. First National Bank of Guthrie Center v. Anderson, 269 U.S. 341, 46 S.Ct. 135, 70 L.Ed. 295. The States may tax National banks under any of four alternative methods as prescribed by 12 U.S.C. § 548, 12 U.S.C.A. § 548.

The present franchise tax law is not based on any of the four alternative methods.

■ The franchise tax as levied is a charge made by the State against a State bank for the privilege granted it of doing business in the State and not on the property or income of the bank, though both are to be regarded in measuring such tax. Houston Oil Co. of Texas v. Lawson, Tex.Civ.App., 175 S.W.2d 716, error ref.

■ There is no discrimination involved under the decision of Union Bank & Trust Co. v. Phelps, 288 U.S. 181, 53 S.Ct. 321, 77 L.Ed. 687, in which the Court held that the several States lack power to tax National bank shares except as expressly permitted by Congress, and fully discussed the doctrine of such taxation. This holding has been accepted and approved by a number of State Supreme Courts and Federal Courts, among the last of which is the Bank of America National Trust and Savings Association v. Lima, 103 F.Supp. 916 (D.C.Mass.1952).

In Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, judgment adopted by the Supreme Court, it was held:

"The Constitution simply guarantees uniformity and equality of taxation. It does not purport to deal with the mode or manner of accomplishing this pur-

pose, but its mandate has been satisfied when uniformity and equality of taxation has been attained."

The equal protection clause of the Fourteenth Amendment of the United States Constitution and the equal and uniformity requirements of the Texas Constitution upon the taxing powers of the State are substantially similar. Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896.

■ The Constitution requires that tax legislation may classify persons and items for purposes of taxation and are satisfied when such legislation meets two tests: (1) Is the Classification of the tax reasonable? and (2) Within the Class, does the legislation operate equally?

The class created by Chapter 12, Title 122A, V.A.C.S., is composed of all domestic and foreign corporations chartered or authorized to do business in Texas and there is no complaint of inequality within the classification by appellant, but the complaint is that National banks are not taxed by the statute. National banks and State banks are not in the same class; both are banks with differences. A State may not tax National banks without consent of Congress. Owensboro National Bank v. Owensboro, 173 U.S. 664, 668, 19 S.Ct. 537, 43 L.Ed. 850.

■ A National bank is an agency of the Federal Government and may enter and do business in a State without the State's permission, and a State cannot exact a charge for its doing business there.

The judgment of the Trial Court is affirmed.

Affirmed.

RICHARDS, J., not sitting.

HUGHES, Justice (concurring).

Appellant is a state bank. Its principal competitor is a national bank.

Appellant and its competitor each paid similar ad valorem taxes on real estate and ad valorem taxes based on actual value of its capital stock less the realty ad valorem taxes.

In addition, appellant paid $2,579.45 franchise taxes to the State. Its competitor, the national bank, had it been similarly taxed would have paid the State $6,000.00.

Both appellant and its competitor are in the banking business. It is obvious that appellant competes with the national bank under a severe handicap. The Legislature has the power to rectify the disadvantage under which state banks compete with national banks. The Courts do not have such power. I write this opinion merely to point up the existing inequitable condition.

I concur in the affirmance.